# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 6064 | **DATE** | 10/12/2004 |
| **CASE TITLE** | NANA BARFI ADOMAKO vs. THE NATIONAL SECURITY AGENCY, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Plaintiff's complaint is dismissed and plaintiff's petition to proceed in forma pauperis is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | OCT 13 2004 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | 5 |
| ✓ | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| LG | courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
OCT 1 3 2004

OCT 1 3 2004

| | |
|---|---|
| NANA BARFI ADOMAKO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 04 C 6064 |
| ) | |
| THE NATIONAL SECURITY AGENCY ) | |
| and THE U.S. DEPARTMENT OF ) | |
| JUSTICE and THE FEDERAL ) | |
| BUREAU OF INVESTIGATIONS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Nana Barfi Adomako filed a *pro se* complaint against the National Security Agency, the United States Department of Justice, and the Federal Bureau of Investigation (collectively, defendants). Plaintiff accuses defendants of "reading/listening" to his thoughts. He requests unspecified monetary damages and injunctive relief. Along with his complaint, plaintiff filed a petition to proceed *in forma pauperis*. For the following reasons we dismiss plaintiff's complaint and deny the petition.

Pursuant to 28 U.S.C. § 1915(a) we may authorize plaintiff to proceed *in forma pauperis* if he demonstrates an inability to pay the required costs and fees. Plaintiff states that he is unemployed and last had a job in December 2002. It is unclear if plaintiff receives financial support from any other source. Instead of completing the financial affidavit, plaintiff, on an attached piece of paper, writes that he cannot answer for anyone else, but also answers "no" to the questions left blank in the affidavit. In that attached explanation plaintiff discloses that he owns a car worth $3000, but also asserts that it was towed away by the government in the

5

year 2000, or 2001. Regardless of whether we instruct plaintiff to complete the financial affidavit or if we find that the attached document sufficiently evidences financial need, plaintiff's complaint must be dismissed.

As part of the initial review of a petition to proceed *in forma pauperis*, we analyze the claims and dismiss the complaint if we determine that the action is frivolous or malicious, it fails to state a claim upon which relief may be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v Debruyn, 13 F.3d 1036, 1039 (7th Cir. 1994). In reviewing the petition we apply the standard used in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss a claim only if it appears beyond a doubt that there exist no facts to support the allegations. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Complaints by *pro se* parties are held to less stringent standards than pleadings drafted by attorneys. Alvarado v. Itscher, 267 F.3d 648, 651 (7th Cir. 2001).

Plaintiff alleges that defendants have read and listened to his thoughts after committing crimes against him. He asserts that those crimes continue to this day. He also claims that the defendants have deprived him of an attorney. For those injuries plaintiff seeks unspecified damages. Plaintiff also requests that this court enjoin defendants from reading, listening and engaging in any other acts re his thoughts. Plaintiff fails to provide any factual support for his allegations.

We give plaintiff's complaint a generous interpretation, but we need not "invent factual scenarios that cannot be reasonably inferred from the pleadings." Smith-Bey v. Hospital Adm'r, 841 F.2d 751, 758 (7th Cir. 1988). The total absence of factual allegations in the complaint would require us to concoct a factual context to support plaintiff's claims. Thus, the sparse and incoherent complaint fails to state a claim, even under the lenient pleading

standards to which plaintiff is entitled. As written, plaintiff's allegations "rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 24, 33 (1992). The complaint lacks an arguable basis in law or fact and is frivolous. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Further, if we construe plaintiff's request for damages to be brought under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), then defendants are immune. Plaintiff's allegations may be framed as violations of his Fourth Amendment right to be free from unreasonable searches and seizures. In FDIC v. Meyer, 510 U.S. 471 (1994), the Supreme Court refused to infer a Bivens-type cause of action against an agency of the federal government. Plaintiff never alleges that individual agents violated his rights. Further, his failure to provide factual support for his allegations prevents us from finding any waiver of defendants' sovereign immunity. Under § 1915(e)(2)(B)(iii), plaintiff's suit must be dismissed.

## CONCLUSION

For the foregoing reasons plaintiff's petition to proceed *in forma pauperis* is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 10, 2004.